# EXHIBIT A

ORIGINAL

SUMM
RAMZY PAUL LADAH, ESQ.
Nevada Bar No. 11405
ANTHONY L. ASHBY, ESQ.
Nevada Bar No. 4911
LADAH LAW FIRM
517 S. Third Street
Las Vegas, NV 89101
litigation@ladahlaw.com
T: 702.252.0055
F: 702.248.0055
Attorneys for Plaintiff

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| JAYLA JOHNSON and UNIQUE WILSON, | CASE NO. A-17-750231-C |
| Plaintiffs, | DEPT. NO. XXXI |
| vs. | CIVIL SUMMONS |
| RICHARD LEON PEREZ; WAL-MART TRANSPORTATION, LLC; DOES I through X, inclusive and ROE BUSINESS ENTITIES I through X, inclusive, | |
| Defendants. | |

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

TO DEFENDANT:

WAL-MART TRANSPORTATION, LLC
c/o Registered Agent
The Corporation Trust Company of Nevada
701 S Carson St. Ste. 200
Carson City, NV 89701

A civil Complaint has been filed by the Plaintiff against you for the relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

2349 / 200034

1      (a)    File with the Clerk of this Court, a formal written response to the Complaint in accordance with the rules of the Court. A $30.00 filing fee is required.

    (b)    Serve a copy of your response upon the attorney whose name and address is shown below.

2.    Unless you respond, your default will be entered upon application of the Plaintiff and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.    The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

STEVEN D. GRIERSON
DATED this _____ day of January, 2017.    CLERK OF THE COURT

CLERK OF THE COURT

_____
Deputy Clerk                  Date

MICHELLE MCCARTHY    JAN 3 0 2017

Respectfully submitted by:
LADAH LAW FIRM

_____ #14183
RAMZY PAUL LADAH, ESQ.
Nevada Bar No. 11405
ANTHONY L. ASHBY, ESQ.
Nevada Bar No. 4911
JOSEPH CHU, ESQ.
Nevada Bar No. 11082
517 S. Third Street
Las Vegas, NV 89101
Attorneys for Plaintiff

LADAH LAW FIRM

2

Electronically Filed
01/30/2017 08:20:15 AM

CLERK OF THE COURT

```
COMP
RAMZY PAUL LADAH, ESQ.
Nevada Bar No. 11405
ANTHONY L. ASHBY, ESQ.
Nevada Bar No. 4911
LADAH LAW FIRM
517 S. Third Street
Las Vegas, NV 89101
litigation@ladahlaw.com
T: 702.252.0055
F: 702.248.0055
Attorneys for Plaintiff
```

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| JAYLA JOHNSON and UNIQUE WILSON, | CASE NO. A-17-750231-C |
| Plaintiffs, | DEPT. NO. XXXI |
| vs. | COMPLAINT |
| RICHARD LEON PEREZ; WAL-MART TRANSPORTATION, LLC; DOES I through X, inclusive and ROE BUSINESS ENTITIES I through X, inclusive, | |
| Defendants. | |

COMES NOW the Plaintiffs JAYLA JOHNSON and UNIQUE WILSON (hereinafter "Plaintiffs"), by and through their counsel of record RAMZY P. LADAH, ESQ. and ANTHONY L. ASHBY, ESQ., with the LADAH LAW FIRM, and for their claims of relief against the Defendants, and each of them, alleges and complains as follows:

### JURISDICTION

1. At all times relevant hereto, Plaintiffs were and still are residents of the County of Clark, State of Nevada.

2. At all times relevant hereto, Defendant RICHARD LEON PEREZ (hereinafter "PEREZ") was a resident of Lindsay, California.

2349 / 200034

3.      At all times relevant hereto, Defendant WAL-MART TRANSPORTATION, LLC (hereinafter "WAL-MART") was and still is a foreign limited-liability company duly licensed to conduct business in the State of Nevada.

4.      That the true names and capacities of the Defendants DOES I through X, inclusive, are unknown to Plaintiffs, who, therefore, sues said Defendants by said fictitious names. Plaintiffs are informed, believe and thereon allege that each of the Defendants designated as DOES I through X are owners, operators and/or individuals or agencies otherwise within possession and control of the motor vehicle herein mentioned and/or are individuals otherwise within the flow of traffic as related hereto. Plaintiffs are informed, believe and thereon allege that Defendants ROE BUSINESS ENTITIES I through X, are owners of the motor vehicle herein alleged and/or are in some manner responsible for the actions of its employees and/or assigns of Defendants designated as ROE BUSINESS ENTITIES I through X. Plaintiffs are informed, believe and thereon allege that each of the Defendants designated as a DOE or a ROE BUSINESS ENTITY is in some manner negligently, vicariously, statutorily, contractually, and/or otherwise responsible for the events and happenings referred to and caused damages proximately to Plaintiffs as herein alleged. Plaintiffs will ask leave of the Court to amend this Complaint to insert the true names of such Defendants when the same have been ascertained.

## GENERAL ALLEGATIONS

5.      Plaintiffs repeat and reallege each and every fact and allegation contained in this Complaint and incorporate the same herein by reference as though fully set forth herein verbatim.

6.      At all times relevant hereto, particularly on or about February 10, 2015, Plaintiff Unique Wilson was the operator of a 2004 Land Rover Range Rover, which was lawfully travelling eastbound on Cheyenne Avenue all in Clark County, State of Nevada. Plaintiff Jayla Johnson was a passenger in the same 2004 Land Rover Range Rover at the same time and place.

7.      At all times relevant hereto, Defendant WAL-MART was the owner of a 2013 semi tractor-trailer truck (hereinafter "Defendants' truck").

2

8. At all times relevant hereto, Defendant PEREZ, while in the course and scope of his employment and/or agency, was operating Defendants' truck with the consent, permission and acquiescence of Defendant WAL-MART.

9. At all times relevant hereto, Defendant PEREZ was driving Defendants' truck, travelling eastbound on Cheyenne Avenue, directly behind Plaintiffs' vehicle, all in Clark County, State of Nevada.

10. At all times relevant hereto, Defendant PEREZ, failed to slow down for traffic conditions and collided into the rear of Plaintiffs' vehicle.

11. At all times relevant hereto, Plaintiffs sustained significant injuries as a result of Defendants' actions and the aforesaid collision.

### FIRST CAUSE OF ACTION
(Negligence / Negligence Per Se)

12. Plaintiffs repeat and reallege each and every fact and allegation contained in this Complaint and incorporate the same herein by reference as though fully set forth herein verbatim.

13. At all times relevant hereto, Defendant PEREZ's negligence caused the collision between Plaintiffs' vehicle and Defendants' truck resulting in significant injuries to Plaintiffs.

14. At all times relevant hereto, Nevada Revised Statutes were designed and enacted to protect a class of persons, in particular motorists, to which Plaintiffs belonged, and Plaintiffs' damages were the type of harm the Nevada Revised Statutes were designed and enacted to prevent.

15. As a result of Defendant PEREZ's aforesaid negligent actions and/or failures to act Defendant PEREZ violated Nevada Revised Statutes and is, therefore, negligent per se.

16. As a direct and proximate result of Defendant's aforesaid actions, Plaintiffs were injured in their health, strength and activity, sustained injury to their body and shock and injury to their person all of which has caused and will continue to cause Plaintiffs' pain and suffering.

17. As a direct and proximate result of Defendants' aforesaid actions, Plaintiffs have incurred and continue to incur emotional distress, pain and suffering, loss of enjoyment of life,

3

loss of household services, lost wages, lost earning capacity, medical expenses, and future medical expenses, all to Plaintiffs' general and special damages in an amount in excess of fifteen thousand dollars ($15,000.00).

18. As a direct and proximate result of Defendants' aforesaid actions, it has been necessary for Plaintiffs to retain LADAH LAW FIRM to prosecute this action, and Plaintiffs are entitled to recover reasonable attorneys' fees and costs.

### SECOND CAUSE OF ACTION
(Negligent Entrustment / Joint & Several Liability / Agency Respondeat Superior / Vicarious Liability)

19. Plaintiffs repeat and reallege each and every fact and allegation contained in this Complaint and incorporate the same herein by reference as though fully set forth herein verbatim.

20. At all times relevant hereto, Defendant WAL-MART owned, maintained, and controlled Defendants' truck, which was driven by Defendant PEREZ.

21. At all times relevant hereto, Defendant WAL-MART or by its employees, agents or assigns, negligently, carelessly and recklessly allowed Defendant PEREZ to operate Defendants' truck.

22. At all times relevant hereto, Defendant WAL-MART or by its employees, agents or assigns, had knowledge that Defendant PEREZ was unfit to drive the subject vehicle and yet allowed Defendant PEREZ to drive the subject vehicle that it owned.

23. At all times relevant hereto, Defendant WAL-MART or its employees, agents or assigns, negligently, carelessly and recklessly maintained and controlled its employees, agents or assigns, thereby causing the subject collision.

24. At all times relevant hereto, Defendant PEREZ was acting within the course and scope of his employment, services or agency with Defendant WAL-MART when the subject collision occurred.

25. At all times relevant hereto, Defendant PEREZ was acting within the course and scope of his employment, services or agency with Defendant WAL-MART when the subject collision occurred and acted negligently, thus each and every other Defendant, including but not

4

limited to, Defendant WAL-MART, and DOE and ROE Defendants, are vicariously liable for the injuries sustained by Plaintiffs as alleged above.

26. As a direct and proximate result of the aforesaid acts and/or inactions of Defendants WAL-MART or by its employees, agents or assigns, were breaches of the duty of reasonable care owed by Defendant to its customers and to the general public, and in particular to Plaintiffs.

27. As a direct and proximate result of Defendant's aforesaid actions, Plaintiffs were injured in their health, strength and activity, sustained injury to their body and shock and injury to their person, all of which have caused and will continue to cause Plaintiffs pain and suffering.

28. As a direct and proximate result of Defendant's aforesaid actions, Plaintiffs have incurred and continue to incur emotional distress, pain and suffering, loss of enjoyment of life, loss of household services, lost wages, lost earning capacity, medical expenses, and future medical expenses, all to Plaintiffs' general and special damages in an amount in excess of fifteen thousand dollars ($15,000.00).

29. As a direct and proximate result of Defendant's aforesaid actions, it has been necessary for Plaintiffs to retain LADAH LAW FIRM to prosecute this action, and Plaintiffs are entitled to recover reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION
(Negligent Hiring, Training, Supervision and Policies/Procedures)

30. Plaintiffs repeat and reallege each and every fact and allegation contained in this Complaint and incorporate the same herein by reference as though fully set forth herein verbatim.

31. At all times relevant hereto, Defendants, and each of them, acted negligently, among other reasons, in failing to do the following.

    i. Establish and implement proper policies and procedures for employees, staff and agents working for them;

    ii. Properly, responsibly and prudently hire employees;

5

     iii.     Properly, responsibly and prudently investigate employees before hiring them;

     iv.     Properly, responsibly and prudently supervise and/or manage employees once they were hired;

     v.     Properly, responsibly and prudently train employees or instruct them as to their duties;

     vi.     Properly, responsibly and prudently supervise, monitor and regulate the conduct of employees.

     vii.     Properly, responsibly and prudently supervise, monitor and properly and safely regulate and maintain their vehicles;

32. As direct and proximate result of Defendant's aforesaid actions, Plaintiffs were injured in their health, strength and activity, sustained injury to their body and shock and injury to their person, all of which have caused and will continue to cause Plaintiffs pain and suffering.

33. As a direct and proximate result of Defendant's aforesaid actions, Plaintiffs have incurred and continue to incur emotional distress, pain and suffering, loss of enjoyment of life, loss of household services, lost wages, lost earning capacity, medical expenses, and future medical expenses, all to Plaintiffs' general and special damages in an amount in excess of fifteen thousand dollars ($15,000.00).

34. As a direct and proximate result of Defendant's aforesaid actions, it has been necessary for Plaintiffs to retain LADAH LAW FIRM to prosecute this action, and Plaintiffs are entitled to recover reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs pray for relief against the Defendants, and each of them, for each cause of action as follows:

1. For general damages and loss in an amount in excess of $15,000.00;
2. For special damages in an amount in excess of $15,000.00;
3. For property damages;
4. Interest and costs incurred by the Plaintiffs in bringing his claims.
5. For attorney's fees and costs; and

6

6. For such other and further relief as the Court may deem just and proper.

DATED this 30th day of January, 2017.

**LADAH LAW FIRM**

/s/ Ramzy P. Ladah, Esq.

RAMZY PAUL LADAH, ESQ.
Nevada Bar No. 11405
ANTHONY L. ASHBY, ESQ.
Nevada Bar No. 4911
517 S. Third Street
Las Vegas, NV 89101
Attorneys for Plaintiffs

7

 **CT Corporation**

**Service of Process Transmittal**
01/31/2017
CT Log Number 530611924

TO: Kim Lundy Service of Process, Legal Support Supervisor
Wal-Mart Stores, Inc.
702 SW 8th St, MS#0215
Bentonville, AR 72716-6209

RE: **Process Served in Nevada**

FOR: Wal-Mart Transportation, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Johnson Jayla and Unique Wilson, Pltfs. vs. Richard Leon Perez, et al., Dfts. // To: Wal-Mart Transportation, LLC |
| DOCUMENT(S) SERVED: | Summons, Complaint |
| COURT/AGENCY: | Clark County District Court, NV<br>Case # A17750231C |
| NATURE OF ACTION: | Personal Injury - Vehicle Collision - 02/10/2015 |
| ON WHOM PROCESS WAS SERVED: | The Corporation Trust Company of Nevada, Carson City, NV |
| DATE AND HOUR OF SERVICE: | By Process Server on 01/31/2017 at 14:00 |
| JURISDICTION SERVED: | Nevada |
| APPEARANCE OR ANSWER DUE: | Within 20 days after service, exclusive of day of service |
| ATTORNEY(S) / SENDER(S): | Ramzy Paul Ladah<br>Ladah Law Firm<br>517 S. Third Street<br>Las Vegas, NV 89101<br>702-252-0055 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 02/01/2017, Expected Purge Date: 02/06/2017<br><br>Image SOP<br><br>Email Notification,  Kim Lundy Service of Process  ctlawsuits@walmartlegal.com |
| SIGNED:<br>ADDRESS:<br><br><br>TELEPHONE: | The Corporation Trust Company of Nevada<br>701 S Carson St.<br>Suite 200<br>Carson City, NV 89701-5239<br>314-863-5545 |

Page 1 of  1 / DJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.